UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22588-CIV-COOKE/BANDSTRA

PERSERVENIA BERGER,

    Plaintiff,

vs.

THE MEGA LIFE AND HEALTH
INSURANCE COMPANY,

    Defendant.

_____/

## ANSWER AND COUNTERCLAIM

Defendant, The MEGA Life and Health Insurance Company ("Mega Life"), files its Answer as follows:

1. As to paragraph 1, Mega Life admits that Plaintiff's action is one for declaratory relief and damages within the jurisdictional limits of this Court, but except as so admitted denies the remaining allegations in paragraph 1, and that Plaintiff is entitled to the relief sought.

2. As to paragraph 2, Mega Life admits that it is authorized to do business, and is doing business in the State of Florida.

3. As to paragraph 3, Mega Life admits that Plaintiff is a citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. As to paragraph 4, Mega Life denies the allegations contained therein.

5.  As to paragraph 5, Mega Life admits that it issued Care One Value Plan #09904961004 and Direct Benefit Plan #09994961004 (the "policies") effective August 20, 2007, but except as so admitted denies the allegations in paragraph 5.

6.  As to paragraph 6, Mega Life admits that Plaintiff submitted claims for benefits under the policies, and that those claims were denied because the policies were void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies, but except as so admitted denies the allegations in paragraph 6.

7.  Mega Life denies the allegations in paragraph 7 and states that the policies have been rescinded by Mega Life, and are void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies. Answering further, Mega Life is without knowledge or information sufficient to form a belief as to the remaining allegations contained therein and, therefore, denies the same.

8.  As to paragraph 8, Mega Life states that the policies, which are in writing and speak for themselves, have been rescinded by Mega Life, and are void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies.

9.  As to paragraph 9, Mega Life admits that no benefits were paid to Plaintiff under the policies because the policies have been rescinded by Mega Life, and are void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies.

10. As to paragraph 10, Mega Life admits that Plaintiff submitted claims for benefits under the policies, and that those claims were denied because the policies were void

*ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies, but except as so admitted denies the allegations in paragraph 10.

11. As to paragraph 11, Mega Life denies the allegations contained therein and states that the policies have been rescinded by Mega Life, and are void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies.

12. Mega Life incorporates its responses to paragraphs 1 through 11 above.

13. As to paragraph 12, Mega Life admits that: (a) it issued the policies in reliance on the truth and accuracy of Plaintiff's answers in the applications for same; (b) the policies have been rescinded by Mega Life, and are void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies; and (c) Mega Life has returned all premiums paid by Plaintiff for the policies, but except as so admitted denies the allegations in paragraph 12.

14. As to paragraph 13, Mega Life admits that: (a) it issued the policies in reliance on the truth and accuracy of Plaintiff's answers in the applications for same; (b) the policies have been rescinded by Mega Life, and are void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies; and (c) Mega Life has returned all premiums paid by Plaintiff for the policies, but except as so admitted denies the allegations in paragraph 13.

15. As to paragraph 14, Mega Life admits that Plaintiff submitted claims for benefits under the policies, and that those claims were denied because the policies have been rescinded by Mega Life, and the policies were void *ab initio* as a result of Plaintiff's material

omissions and misrepresentations in the applications for the policies, but except as so admitted denies the allegations in paragraph 14.

16. As to paragraph 15, Mega Life admits that Plaintiff submitted claims for benefits under the policies, and that those claims were denied because the policies have been rescinded by Mega Life, and the policies were void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies, but except as so admitted denies the allegations in paragraph 15.

17. As to paragraph 16, Mega Life denies the allegations contained therein.

18. As to Paragraph 17, Mega Life denies that Plaintiff is entitled to an award of attorney's fees under Florida law and is without knowledge or information sufficient to form a belief as to the remaining allegations contained therein and, therefore, denies the same.

19. Mega Life incorporates its responses to paragraphs 1 through 11 above.

20. As to paragraph 18, Mega Life admits that Plaintiff's action is one for declaratory relief and damages within the jurisdictional limits of this Court, but except as so admitted denies the remaining allegations in paragraph 18, and that Plaintiff is entitled to the relief sought.

21. As to paragraph 19, Mega Life states that the policies, which are in writing and speak for themselves, have been rescinded by Mega Life, and are void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies.

22. As to paragraph 20, Mega Life admits that Plaintiff submitted claims for benefits under the policies, and that those claims were denied because the policies have been

rescinded by Mega Life, and the policies were void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies, but except as so admitted denies the allegations in paragraph 20.

23.     As to paragraph 21, Mega Life admits that Plaintiff submitted claims for benefits under the policies, and that those claims were denied because the policies have been rescinded by Mega Life, and the policies were void *ab initio* as a result of Plaintiff's material omissions and misrepresentations in the applications for the policies, but except as so admitted denies the allegations in paragraph 21.

24.     As to paragraph 22, Mega Life denies the allegations contained therein and states that Plaintiff was fully apprised of the basis for the claim denials, and rescission of the policies in correspondence to Plaintiff dated November 26, 2008, and correspondence to Plaintiff's counsel dated January 5, 2009 and January 14, 2009.

25.     As to paragraph 23, Mega Life denies the allegations contained therein and states that Plaintiff was fully apprised of the basis for the claim denials, and rescission of the policies in correspondence to Plaintiff dated November 26, 2008, and correspondence to Plaintiff's counsel dated January 5, 2009 and January 14, 2009.

26.     As to paragraph 24, Mega Life denies the allegations contained therein and states that Plaintiff was fully apprised of the basis for the claim denials, and rescission of the policies in correspondence to Plaintiff dated November 26, 2008, and correspondence to Plaintiff's counsel dated January 5, 2009 and January 14, 2009.

27.     As to paragraph 25, Mega Life denies the allegations contained therein and states that Plaintiff was fully apprised of the basis for the claim denials, and rescission of the

policies in correspondence to Plaintiff dated November 26, 2008, and correspondence to Plaintiff's counsel dated January 5, 2009 and January 14, 2009.

28. As to paragraph 26, Mega Life denies the allegations contained therein and states that Plaintiff was fully apprised of the basis for the claim denials, and rescission of the policies in correspondence to Plaintiff dated November 26, 2008, and correspondence to Plaintiff's counsel dated January 5, 2009 and January 14, 2009.

29. As to paragraph 27, Mega Life denies the allegations contained therein and states that Plaintiff was fully apprised of the basis for the claim denials, and rescission of the policies in correspondence to Plaintiff dated November 26, 2008, and correspondence to Plaintiff's counsel dated January 5, 2009 and January 14, 2009.

30. As to paragraph 28, Mega Life denies the allegations contained therein and states that Plaintiff was fully apprised of the basis for the claim denials, and rescission of the policies in correspondence to Plaintiff dated November 26, 2008, and correspondence to Plaintiff's counsel dated January 5, 2009 and January 14, 2009.

31. As to paragraph 29, Mega Life denies the allegations contained therein and states that Plaintiff was fully apprised of the basis for the claim denials, and rescission of the policies in correspondence to Plaintiff dated November 26, 2008, and correspondence to Plaintiff's counsel dated January 5, 2009 and January 14, 2009.

32. As to paragraph 30, Mega Life denies the allegations contained therein and states that the basis for the claim denials and rescission of the policies is contained in correspondence to Plaintiff dated November 26, 2008, and correspondence to Plaintiff's counsel dated January 5, 2009 and January 14, 2009.

33. As to paragraph 31, Mega Life denies the allegations contained therein and states that the basis for the claim denials and rescission of the policies is contained in correspondence to Plaintiff dated November 26, 2008, and correspondence to Plaintiff's counsel dated January 5, 2009 and January 14, 2009.

34. As to paragraph 32, Mega Life is without knowledge or information sufficient to form a belief as to the allegations contained therein and, therefore, denies the same.

35. As to paragraph 33, Mega Life admits the allegations contained therein.

36. As to paragraph 34, Mega Life is without knowledge or information sufficient to form a belief as to the allegations contained therein and, therefore, denies the same.

37. As to Paragraph 35, Mega Life denies that Plaintiff is entitled to an award of attorney's fees under Florida law and is without knowledge or information sufficient to form a belief as to the remaining allegations contained therein and, therefore, denies the same.

38. As to Paragraph 36, Mega Life denies that Plaintiff is entitled to an award of attorney's fees under Florida law and is without knowledge or information sufficient to form a belief as to the remaining allegations contained therein and, therefore, denies the same.

39. Mega Life denies each and every allegation not otherwise admitted.

## AFFIRMATIVE DEFENSES

40. By way of an Affirmative Defense, Mega Life states that, because the proposed insured, Perservenia Berger, made material misrepresentations, concealments, statements and/or omissions in connection with the application for the policies, upon which Mega Life relied in issuing the policies, the policies are void *ab initio* under and pursuant to *Fla. Stat.*§ 627.409.

41. By way of an Affirmative Defense, Mega Life states that, because the health and insurability of the proposed insured, Perservenia Berger, did not continue to be as represented in all parts of her application when the policies were delivered to her, the policies are void *ab initio* as this condition precedent to coverage was not satisfied.

**WHEREFORE**, the Complaint should be dismissed.

## COUNTERCLAIM FOR RESCISSION

Defendant/Counterplaintiff, MEGA Life Insurance Company ("Mega Life"), files this Counterclaim for Rescission against Plaintiff/Counterdefendant, Perservenia Berger ("Berger"), as follows:

1. This is a Counterclaim brought pursuant to equity and the applicable law for rescission of contracts of health insurance, Policy Number 09904961004 (the "Care One Value Plan"), and Policy Number 09994961004 (the "Direct Benefit Plan") which are the subject matter of the Plaintiff's Complaint (the "policies").

2. True and correct copies of the policies are attached hereto as **"Composite Exhibit A"** (Direct Benefit Plan) and (Care One Value Plan), respectively.

3. Mega Life, at all times relevant hereto, is and was an Oklahoma corporation, with its principal place of business in the State of Texas.

4. Berger, at all times relevant herein, is and was a citizen of the State of Florida.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. The policies insured the health of Berger.

7. On June 26, 2007, Berger signed and dated the Application for the policies ("Application") which is part of and attached to the policies.

8. The Application signed by Berger on June 26, 2007 provided as follows:

> I agree that (a) all statements and answers in this Application are true to the best of my knowledge and belief; this Application will form a part of the contract; (c) the agent does not have the authority on behalf of the Company to accept the risks, or to make, alter or amend the coverage or to extend the time for making any payment due on such coverage; and (d) no insurance will take effect unless and until the Application is approved by the Company and the policy/certificate is delivered to the Applicant while the conditions affecting the insurability are and have remained as described herein and the first premium has been paid in full.

9. The Application was likewise endorsed by Berger's insurance agent, Charles Goldmacher, who by his signature stated: "I certify that each question on this application was asked by me of the Applicant(s) named above, and all answers are accurately recorded."

10. Berger's husband, co-applicant Georges Berger signed the Confirmation of Presentation and Acknowledgment of Delivery dated June 26, 2007, which states in part:

> I acknowledge that the Agent asked each and every question on the application and that answers on the application are truthful and complete answers. **I have signed the application only after a full review of the questions and answers.**
>
> I fully understand and agree that if any material information is incorrect or omitted from the application, it could provide the basis for the Company to refuse coverage and to refund all of my premium as though my coverage had never been in force. (emphasis in the original).

11. In a letter from Mega Life to Berger dated November 1, 2007, Berger was asked to review the answers provided on the Application to ensure the information is

complete and accurate, since Mega Life relied on those answers in issuing the requested insurance coverage. No response was ever received from Berger.

12. A true and correct copy of the November 1, 2007 letter from Mega Life to Berger is attached hereto as **Exhibit "B."**

13. After issuance and delivery of the policies, Berger made claims for benefits thereunder.

14. During the investigation of Berger's claim for benefits under the policies, medical records obtained by Mega Life demonstrated that she had been diagnosed with and or treated for multiple right and left breast cysts and uterine fibroids. They also document that Berger had breast implants, there was a recommendation for a needle biopsy, and a history of abnormal pap smears, mammograms and ultrasound testing. All of this information was omitted from the Application submitted by Berger.

15. Mega Life relied upon the representations made by Berger regarding the status of her health prior to the issuance of the policies to make its decision to issue the policies.

16. The above information regarding Berger's medical condition, withheld from Mega Life during the application process for the policies, was material to Mega Life's decision to issue the policies and responsive to questions 16(b), 17(d), 17(e), 18 and 19 of the Application.

17. If the above information regarding Berger's medical condition had been fully, truthfully and accurately provided to Mega Life, prior to the issuance of the policies as required by the express terms set forth on the Application, Mega Life would have declined to have issued the policies.

18. In reliance upon the representations made by Berger set forth in the Application and with no additional information being provided prior to issuance of the policies regarding Berger's medical condition, Mega Life issued the policies.

19. The misrepresentations, concealments, statements and/or omissions made by Berger in connection with her application for the policies, as set forth above, were material to Mega Life's acceptance of the risk or Mega Life, in good faith, would not have issued the policies, or would not have issued the policies at the same premium rate or would not have issued the policies providing the same coverage if the true facts had been known.

20. Because Berger made the material misrepresentations, concealments, statements and/or omissions in connection with her application for the policies as set forth above, upon which Mega Life relied in issuing the policies, the policies are void *ab initio* under and pursuant to *Fla. Stat.* § 627.409.

21. Mega Life reserves the right to assert additional material misrepresentations, concealments, statements and/or omissions discovered during the course of this matter.

22. By letter dated November 26, 2008 to Berger, Mega Life advised Berger of its intention to rescind the policies as a result of her material omissions and misrepresentations in the Application detailed above. Mega Life further advised Berger that she must advise Mega Life in writing within ten (10) days of receipt of the November 26, 2008 letter, "if you feel that the medical information we have received is inaccurate or if you feel there is additional medical information, of which we are not aware, that supports a conclusion that your medical history on the application was true to the best of your knowledge and belief."

11

23. A true and correct copy of the November 26, 2008 letter from Mega Life to Berger is attached hereto as **Exhibit "C."**

24. After receipt of a letter of representation from Berger's counsel, Mega Life advised Berger's counsel in a letter dated December 18, 2008 of its intention to rescind the policies as a result of Berger's material omissions and misrepresentations in the Application detailed above. Mega Life further advised Berger's counsel that he <u>must</u> advise Mega Life in writing within ten (10) days of receipt of the December 18, 2008 letter, "If you have any medical information that could alter our decision in this matter… … If we have not received a response from you within ten (10) days, we will assume the medical information on Ms. Berger's application was incomplete, and material medical history was omitted, and we will proceed with the rescission process."

25. A true and correct copy of the December 18, 2008 letter from Mega Life to Berger's counsel is attached hereto as **Exhibit "D."**

26. No response providing any explanation for the material omissions and misrepresentations in the Application has ever been provided by Berger, or her counsel.

27. By letter dated January 5, 2009 to Berger's counsel, Mega Life advised Berger that the policies had been rescinded.

28. A true and correct copy of the January 5, 2009 letter from Mega Life to Berger's counsel is attached hereto as **Exhibit "E."**

29. No response to the January 5, 2009 letter to Berger's counsel was received by Mega Life. Consequently, by letter dated January 14, 2009 from Mega Life to Berger's

counsel the rescission of the policies was confirmed, and refund of premium checks in the amounts of $2,623.84 and $238.00 were tendered.

30. A true and correct copy of the January 14, 2009 letter from Mega Life to Berger's counsel is attached hereto as **Exhibit "F."**

WHEREFORE, MEGA Life and Health Insurance Company requests that the Court enter a Judgment that the Policies are void *ab initio* and rescinded and that Berger has no right, title or interest in the Policies or the benefits thereunder as well as such further relief as the Court deems appropriate.

s/. Jonathan M. Fordin
Jonathan M. Fordin, Esquire
Florida Bar No. 371637
SHUTTS & BOWEN LLP
1500 Miami Center
201 South Biscayne Blvd.
Miami, Florida 33131
Telephone: 305-347-7390 / Fax: 305-347-7790
Attorneys for Defendant
jfordin@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **17th** day of September, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Kenneth B. Schurr, Esq., **Law Offices of Kenneth B. Schurr, P.A.**, 3001 Ponce de Leon Boulevard, Suite 262, Coral Gables, Florida 33134. Telephone: (305) 441-9031; Facsimile: (305) 446-6362.

s/. Jonathan M. Fordin
Of Counsel

MIADOCS 3747448 1